IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMIE PERKINS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-2183-K |
| | § | (3:97-CR-0055-K-21) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is ordered that this successive section 2255 motion be transferred to the United States Court of Appeals for the Fifth Circuit.

## I.

Petitioner was convicted on several narcotics and firearms charges and was sentenced to an aggregate sentence of 528 months' imprisonment. *United States v. Perkins*, No. 3:97-CR-0055-K-21 (N.D. Tex. 1997), *rev'd in part*, No. 97-11067 (5th Cir. 1999), *amd. judgm. re-imposing same sentence* (N.D. Tex. Dec. 9, 1999). He unsuccessfully sought relief under section 2255. *Perkins v. United States*, No. 3:00-CV-2042-M (N.D. Tex. 2002), *aff'd*, No. 02-10329 (5th Cir. 2003). Following amendments to the Sentencing Guidelines that lowered the base offense levels for crack cocaine offenses, the Court twice reduced Petitioner's sentence under 18 U.S.C.

1

§ 3582(c)(2), ultimately imposing a 480-month sentence. *United States v. Perkins*, No. 3:97-CR-0055-K-21 (N.D. Tex. Jan. 30, 2009), *aff'd* No. 09-10177 (5th Cir. 2010); *United States v. Perkins*, No. 3:97-CR-0055-K-21 (N.D. Tex. Feb. 27, 2012). By this action, Petitioner again contests his conviction, relying on the Supreme Court's recent rulings in *Alleyne v. United States,* --- U.S. ---, 133 S. Ct. 2151 (2013). [Doc. 1 at 5]. Petitioner states that he is in the process of filing a motion for leave to file a successive section 2255 motion in the United States Court of Appeals for the Fifth Circuit. [Doc. 1 at 5].

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h) and 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: A(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.@ 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*). Before a petitioner may file a successive application in the district court, however, a three-judge panel of the United

States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A)-(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application. *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000).

Petitioner asserts the 2012 reduction in his sentence "constitutes a new sentence" under *Magwood v. Patterson,* 561 U.S. 320, 331(2010). [Doc. 1 at 5]. He is mistaken. Unlike *Magwood*, Petitioner was not sentenced anew and the reduction in his sentence under section 3582(c) was not a "resentencing." *See Dillon v. United States,* 560 U.S. 817, 827 (2010) (describing "limited nature of § 3582(c) proceedings"); *White v. United States,* 745 F.3d 834, 836 (7th Cir. 2014) ("There are substantial differences between resentencing and sentence reduction under § 3582(c)."). Thus, Petitioner's sentence reduction did not reset to zero the number of collateral attacks for purposes of the bar on successive section 2255 motion. *See White,* 745 F.3d at 837 (holding "*Magwood* does not reset the clock or the count, for purposes of § 2244 and § 2255, when a prisoner's sentence is reduced as the result of a retroactive change to the Sentencing Guidelines.").

Moreover, the Court of Appeals has not issued an order authorizing the Court to consider the successive section 2255 motion in this case. Because Petitioner must

obtain such an order before he can file a successive application challenging his conviction, this section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997).

Additionally, the Court notes that the Fifth Circuit has held that *Alleyne v. United States* is not retroactively applicable to a successive section 2255 motion. *See In re Kemper,* 735 F.3d 211 (5th Cir. 2013) (holding the Supreme Court's decision in *Alleyne* did not retroactively apply to defendant's challenge to sentence on collateral review, where *Alleyne* was a direct criminal appeal that did not involve retroactive application, and the Supreme Court did not declare *Alleyne* applied retroactively on collateral review).

### III.

Accordingly, the successive section 2255 motion is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2255(h), 2244(b)(3). Petitioner's motion to proceed *in forma pauperis* [Doc. 2] is **DENIED as moot**.

SO ORDERED.

Signed June 19th, 2014.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE